IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MTC DEVELOPMENT GROUP, LLC and PATRICK M. PALELLA, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 11 C 7062 |
| CARTER LEWIS, DAVID DOLAN, and MOOREHEAD DEVELOPMENT TRAINING CENTER, INC., | ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

MTC Development Group, LLC and Patrick Palella filed suit in state court against Carter Lewis, David Dolan, and Moorefield Development Training Center, Inc. on September 12, 2011. The complaint alleged that MTC was a "Delaware Limited Liability Company" with its main offices in Chicago and that Palella also worked in Chicago. The complaint also alleged that Moorefield was a West Virginia company doing business in that state, Dolan was a resident of West Virginia, and Lewis was a resident of North Carolina. Plaintiffs asserted claims of breach of contract and, more particularly, breach of an implied duty of good faith and fair dealing. The complaint alleged that Moorehead had contracted with Palella to find investors and financing and that MTC had contracted with Lewis to purchase his interest in Moorefield. Plaintiffs further alleged that the Lewis - MTC deal had not closed as scheduled due to false statements by Dolan acting as agent for Lewis and Moorefield and that MTC and

Palella were damaged as a result. MTC also sought specific performance of its contract.

In late September, MTC evidently learned that defendants intended to consummate a separate transaction that MTC believed would render moot its request for specific performance. As a result, on October 5, 2011, MTC filed an emergency motion for a temporary restraining order and gave notice that it would present the motion in state court on the morning of October 7.

In the late afternoon of October 6, the defendants removed the case to federal court. In their removal notice, defendants alleged that this Court had jurisdiction based on diversity of citizenship. More specifically, defendants stated the following as the basis for their claim of diversity jurisdiction:

> ***Diversity.*** The Complaint alleges that Plaintiff MTC is a Delaware Limited Liability Company with its principal offices in Illinois, (Compl. at ¶ 1) and that Plaintiff Palella is a consultant with a principal place of business in Illinois (Id. at ¶ 2). The Complaint further alleges that Defendant Moorefield is a West Virginia corporation doing business in West Virginia, that Defendant Dolan is a resident of West Virginia, and that Defendant Lewis is a resident of North Carolina. (Id. at ¶¶ 3-5.) Defendants further state that Dolan and Lewis are citizens of the states of Virginia and North Carolina, respectively. Therefore, the diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(a)(1).

Defs.' Not. of Removal ¶ 9.

Plaintiffs rewrote their motion for temporary restraining order (TRO) to include federal authorities as well as the federal standard for issuance of a TRO. They served notice that they would appear in federal court on the morning of October 7.

When the parties appeared before the Court on October 7, the Court advised counsel for defendants that the notice of removal did not completely describe the

citizenship of each plaintiff pursuant to longstanding authority in this Circuit. Specifically, the Court stated:

> THE COURT: So, I need to discuss a jurisdictional issue with you, and then I'm going to basically tell you to come back this afternoon, because I have a hearing that I'm sort of in the middle of right now. You guys removed the case. There is – to say that something is a Delaware limited liability company basically has no meaning in this circuit, and you guys should have dealt with that. If this had been assigned to about a half a dozen judges here, you would have already been remanded back to the state court. I don't happen to be one of those half dozen. But you got to get this cleared up like now. And Cosgrove versus Bartolotta is the name of the case from 1999 [sic] that says that the citizenship of a limited liability company is the citizenship of each one of its members. If there's limited liability companies within the limited liability companies or partnerships or whatever, you've got to trace it all the way down.
>
> So you need to file a supplement to the removal notice by noon basically telling me what the actual citizenship of the plaintiff is. I'm going to expect you guys to cooperate in getting that information to them so I can find out if there's jurisdiction, and then I'm going to hear this at 3:30.
>
> DEFENDANTS' COUNSEL: Your Honor, we did try to look on the Secretary of State's office for any information we could find.
>
> THE COURT: It's never going to be on there.
>
> DEFENDANTS' COUNSEL: It's never there.
>
> THE COURT: But then what you need to do is pick up the phone and ask. . . .

Oct. 7, 2011 Tr. 2-3.

When counsel returned to court that same afternoon, defendants expressly conceded that diversity of citizenship was lacking. It appears, based on arguments made in connection with the present motion, that a member of the plaintiff LLC named Rezny is a citizen of Virginia, the same state of which defendant Dolan is a citizen. The following exchange occurred at the afternoon hearing:

3

> THE COURT: So what have you found out on the jurisdiction thing?
>
> DEFENDANTS' COUNSEL: We found out, your Honor, that there is a lack of diversity. One of the members of the LLC is a Virginia resident. Our client, David Dolan, is also a Virginia resident. And we didn't learn this until about 11:15 this morning, your Honor, and sort of after we all thought that –
>
> THE COURT: I hope somebody has gone over and filed the motion over in state court.
>
> PLAINTIFFS' COUNSEL: Your Honor, we have lawyers waiting in state court. Judge Billik is waiting in state court for your Honor to –
>
> THE COURT: The case is remanded to the state court. It's going to take a little while for that to actually happen, but it's effective now.

*Id.* 3-4.

Counsel appeared in state court later on October 7. The state court judge denied plaintiffs' motion for a TRO.

Plaintiffs have moved pursuant to 28 U.S.C. § 1447(c) for an award of attorney's fees and expenses caused by the wrongful removal of the case. Section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The Supreme Court has held that an award of attorney's fees upon removal is not automatic. In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Court concluded that

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a

> general matter, when the statutory criteria are satisfied.
>
> In light of these large objectives, the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.  When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* at 140-41 (internal quotation marks and citations omitted).

For the reasons that follow, the Court concludes that defendants lacked an objectively reasonable basis for removing the case.  In particular, they lacked an objectively reasonable basis to conclude that there was complete diversity of citizenship.

As the Court pointed out at the initial hearing on October 5, it has been the law in this Circuit since 1998 that the citizenship of a limited liability company (LLC) is determined not by reference to the state where the LLC was formed or where it has its principal place of business, but rather by reference to the citizenship of each of the LLC's members.  *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *see also, Mutual Assignment and Indem. Co. v. Lind-Waldock & Co.*, 364 F.3d 858, 861 (7th Cir. 2004).  Thus defendants' statement in their notice of removal that "[t]he Complaint alleges that Plaintiff MTC is a Delaware Limited Liability Company with its principal offices in Illinois" – the only allegation they made about MTC's citizenship – was essentially meaningless for jurisdictional purposes.  And when they said in the

5

removal notice that "[t]herefore" the diversity requirement was satisfied, this was a complete *non sequitur*.

The most favorable inference to defendants is that they did not understand the law to base an LLC's citizenship for diversity purposes on the citizenship of each of the LLC's members. Ignorance of the law, particularly a principle so firmly established as the one set forth in *Cosgrove*, cannot in this Court's view be regarded as objectively reasonable. The Seventh Circuit has said, in the related context of scrutiny of a party's appellate jurisdictional statement, that "[w]e have repeatedly warned that when one party to the litigation is someone other than a natural person suing in her own capacity, 'a jurisdictional warning flag should go up.'" *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (quoting *Cosgrove*, 150 F.3d at 731). Defendants removed the case in complete disregard of that warning flag.

The comments of defense counsel at the initial hearing before the Court are arguably suggestive that defendants actually were aware of the need to trace MTC's citizenship but decided to brush that aside. After the Court called *Cosgrove* and its underlying principle to defendants' attention at the initial hearing, defense counsel stated that "we did try to look on the Secretary of State's office for any information we could find." Oct. 7, 2011 Tr. 3. This suggests that counsel perceived it was necessary to do more to ascertain MTC's citizenship – and thus that counsel arguably understood the requirements of *Cosgrove*. This is, of course, a far less favorable reading of the record for defendants. If defense counsel understood what the law required but instead cited only the jurisdictionally-meaningless allegation in the complaint that MTC was a Delaware LLC, than this suggests that defendants were trying to slip their way into

6

federal court, hoping that no one would notice the jurisdictional flaw. The Court makes no finding at this point that this is what defendants actually attempted. Rather, the Court references this plausible interpretation of the events to point out that alternative readings of the record are more unfavorable to defendants than the ignorance-of-the-law interpretation that still falls short of objective reasonableness.

The timing of defendants' removal of the case, combined with the patently deficient jurisdictional allegations in their notice of removal, suggests that they acted precipitously to get the case into federal court, perhaps perceiving it to be a more favorable forum on the motion for a TRO than the state court and perhaps hoping to string matters out. The fact that they likely guessed wrong – the state court, as defendants point out, promptly heard and denied the motion for a TRO following remand – does not make their removal of the case any less objectively unreasonable. And the fact that there was no *actual* delay does not eliminate the fact that the timing of the removal suggests that it was done with an eye to shifting costs to plaintiffs that they ought not to have incurred. *See Martin*, 546 U.S. at 140 (policy underlying fee-shifting under section 1447(c) includes deterring removals made to prolong litigation and impose costs on the opposing party).

Defendants' opposition to the request for attorney's fees consists largely of what fairly may be characterized as either misdirection, or blaming the victim, or both. They argue, first, that plaintiffs themselves did not realize that complete diversity was lacking. That completely misses the point. The obligation to establish the propriety of federal jurisdiction always lies with the party invoking it, in this case defendants. *See, e.g., Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). The materials

submitted by plaintiffs in support of their motion for attorney's fees reflects that Dolan had personal knowledge that he and Rezny lived in the same state (defendants make no effort to controvert this in their response to the motion). This information was available to defendants before and at the time they removed the case.

Defendants' second argument is that "[p]laintiffs knew facts sufficient to defeat diversity, but did not plead them." Defs.' Mem. in Opp. to Pls.' Mot. for Aware of Attorney's Fees at 3. But plaintiffs, who filed the case in state court, were under no legal, ethical, moral, or other obligation to plead the complete citizenship of each party, because that had nothing to do with their ability to proceed in state court.

Defendants' next argument is that Dolan, whose presence in the suit along with that of MTC's member Rezny destroyed complete diversity, was not a legitimate party to the suit and that (after the Court had questioned jurisdiction) plaintiffs considered dropping him, which would have preserved federal jurisdiction. In particular, defendants contend that Dolan was not a party to any of the contracts that formed the basis for the plaintiffs' claims. This is a red herring. When defendants appeared before the Court on the afternoon of October 6, they *expressly conceded* that diversity of citizenship was lacking. As their counsel stated, "[w]e found out, your Honor, that *there is a lack of diversity*. One of the members of the LLC is a Virginia resident. Our client, David Dolan, is also a Virginia resident. Oct. 7, 2011 Tr. 4. If defendants actually believed that the case was properly in federal court because Dolan was not a proper party, they could have made that point on October 7. They did not. In short, this argument amounts to a meritless, *post hoc* attempt to justify a removal that was not objectively

8

reasonable at the time.[1]

Defendants also argue that plaintiffs did not seek remand and that it was defendants who first figured out the citizenship conflict. This, defendants say, indicates that their removal of the case was objectively reasonable. But this ignores the fact that it was the Court that raised the issue of jurisdiction less than one day after defendants removed the case, even though it was defendants' obligation to ascertain citizenship before they removed it. In addition, plaintiffs – who, again, had no obligation whatsoever to ascertain the parties' citizenship before filing suit in state court – promptly and diligently investigated after the Court raised the issue. The fact that the parties were able to quickly learn that Rezny and Dolan lived in the same state indicates that if defendants had taken reasonable and appropriate steps to ascertain jurisdiction before removing the case, they would have been able to learn the necessary jurisdictional facts then and thus avoided completely unnecessary proceedings in federal court.

Finally, defendants argue that plaintiffs were not prejudiced by the removal because the case was quickly remanded and they were able to obtain a prompt hearing in state court on their motion for a TRO. Plaintiffs were undeniably prejudiced, however, in that they incurred additional attorney's fees in revising their motion for a TRO, their two appearances before this Court, and other related work. The fact that the Court promptly remanded the case minimized the amount of additional expense

---

[1] The Court also notes that there is no indication that defendants considered Dolan to be an improperly-named party (in removal terms, "fraudulently joined") at the time of the removal.

plaintiffs incurred, but plaintiffs were nonetheless prejudiced by the wrongful removal of the case.

## Conclusion

For the reasons stated above, the Court concludes that defendants' removal of the case was objectively unreasonable. The Court therefore grants plaintiffs' motion for attorney's fees and expenses [docket no. 13]. Given the likely modest amount of plaintiffs' fee request, the Court foregoes compliance with Local Rule 54.3. Plaintiffs' fee petition is to be filed by no later than December 1, 2011; defendants' response is to be filed by no later than December 12, 2011, and plaintiffs' reply is to be filed by no later than December 19, 2011.

                  _____s/ Matthew F. Kennelly_____
                      MATTHEW F. KENNELLY
                      United States District Judge

Date: November 20, 2011